JOURNAL ENTRY AND OPINION
Plaintiffs-appellants, Oksana and Piotr Lozitsky, appeal the decision of the Cuyahoga County Common Pleas Court granting summary judgment to defendant-appellee, Heritage Companies, Inc., on their complaint for negligence. For the reasons that follow, we affirm.
A review of the record reveals that Oksana Lozitsky ("appellant") was employed as a cleaning person for Janitorial Services, Inc., a company that provides cleaning services to an office complex owned and/or managed by Zaremba Management Company ("Zaremba") and Shawnee Office Associates ("Shawnee"). Appellee-Heritage Companies, Inc. ("Heritage") was leasing office space at this complex, when, on February 18, 1998, appellant sustained injury. In particular, appellant alleges that a piece of metal, six feet high and thirty inches wide, described as a metal bookcase end cap, fell on her while she was retrieving supplies from a storage closet located on Heritage's premises. She subsequently instituted the within negligence lawsuit against Heritage, Zaremba and Shawnee.[1] Included in the complaint was a claim for loss of consortium by her husband, Piotr Lozitsky.
Heritage moved for summary judgment[2] seeking judgment in its favor on the basis that location of the metal shelf was open and obvious and therefore it owed no duty to appellant. Alternatively, it argued that even if a duty was owed to appellant, her own negligence outweighed that of Heritage, justifying the grant of summary in its favor. The trial court subsequently granted Heritage's motion without opinion.
Appellant and her husband are now before this court and assert in their sole assignment of error that the trial court improperly granted summary judgment to Heritage.[3]
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivichv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) a defendant owed a duty of care; (2) the defendant breached this duty; and (3) the breach was the proximate cause of plaintiff's injury causing damage. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680; Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142; Menifee v. Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75. An owner or occupier of property owes a duty of ordinary care to invitees to maintain the premises in a reasonably safe condition so that an invitee is not unreasonably or unnecessarily exposed to danger. Paschal v. Rite Aid Pharmacy, Inc, (1985),18 Ohio St.3d 203. While a premises owner is not an insurer of its invitees' safety, the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358. Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious. SeeBrinkman v. Ross (1993), 68 Ohio St.3d 82, 84; Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Whether a duty exists is a question of law for the court to determine. Mussivand v.David (1989), 45 Ohio St.3d 314, 318.
Under the open and obvious doctrine, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers,64 Ohio St.3d at 644.
The continued viability of the open and obvious doctrine was recently discussed by this court in Schindler v. Gale's Supermarket, Inc. (Apr. 6, 2001), Cuyahoga App. No. 78421, unreported, 2001 Ohio App. Lexis 1614.
 Because the Texler decision is the most recent pronouncement from the supreme court on this issue, its admonitions should not be lightly taken. Indeed, when analyzed in terms of the duty owed, I find the doctrine questionable because it rests on a legal fiction in that it relieves the premises owner of the duty to warn. See Basar v. Steel Service Plus (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported at 12 (McMonagle, J., concurring). To say that a claim is barred because the defendant owed the plaintiff no duty to warn him of the danger is to disregard an express duty on the part of the premises owner to maintain the premises in a reasonably safe condition. Id. at 22. With this in mind, this court is of the opinion that the time has come to analyze the openness and obviousness of a hazard not in terms of the duty owed but rather in terms of causation.
This analysis necessitates the application of comparative negligence principles, which requires the factfinder to apportion the percentage of each party's negligence that proximately caused the plaintiff's damages. See R.C. 2315.19(A)(2). Ordinarily this is an issue best determined by the jury unless the evidence is so compelling that reasonable minds can reach but one conclusion. Simmers, 64 Ohio St.3d at 646. In such a case, summary judgment is appropriate if the only conclusion a reasonable trier of fact could reach is that the plaintiff was over fifty percent negligent so as to bar recovery under comparative negligence principles.Schindler v. Gale's Supermarket, Inc. (Apr. 6, 2001), Cuyahoga App. No. 78421, unreported, 2001 Ohio App. Lexis 1614; see, also, Arsham v.Cheung-Thi Corp. (May 31, 2001), Cuyahoga App. No. 78280, unreported, 2001 Ohio App. Lexis 2444; Basar v. Steel Serv. Plus (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported, 2000 Ohio App. Lexis 1842 (McMonagle, J., concurring); Wilson v. PNC Bank, N.A. (May 5, 2000), Hamilton App. No. C-990727, unreported, 2000 Ohio App. Lexis 1902 (Painter, J., concurring in judgment only); Hayes v. Wendy's Internatl.,Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported, 1999 Ohio App. Lexis 485.
We find such compelling evidence in this case. Steven Popelsky, the field claim manager for Heritage, testified in deposition that Heritage used the storage closet for its own use but allowed the owners and/or managers of the complex to store cleaning supplies there. The metal shelving unit in question belonged to Heritage and was stored against the wall in that room. A box of toilet tissue was stored directly in front of the shelf. According to appellant's deposition testimony, the storage room was dark when she entered but she did not look for or turn on the light that was against the wall. In order to see the contents of the box, she pulled the box towards the light and it was at that moment that the shelving unit fell on her head.
Contrary to the assertions of appellant's counsel that sufficient light was emanating from the adjacent garage, appellant's testimony repeatedly supports that the room was dark and without sufficient light. Heritage urges this court to rely on the step-in-the-dark rule enunciated in Fluryv. Central Publishing House (1928), 118 Ohio St. 154, which provides that an individual is guilty of contributory negligence as a matter of law when that individual, "from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal." See Posin v. A.B.C. Motor Court Hotel,Inc. (1976), 45 Ohio St.2d 271, 276; see, also, Manofsky v. Goodyear Tireand Rubber Co. (1990), 69 Ohio App.3d 663, 666. With the adoption of comparative negligence principles, application of this rule can no longer completely bar recovery. See R.C. 2315.19. Comparative negligence analysis, however, does not necessarily preclude an award of summary judgment. See Gabel v. Apcoa (Oct. 21, 1999), Cuyahoga App. No. 74794, unreported, 1999 Ohio App. Lexis 4912. It merely requires comparing the negligence of a plaintiff who sustains injury upon entering a darkened room to that of the premises' owner and/or occupant who maintains that room.
Darkness is always a warning of danger and for one's own protection such a condition may not be disregarded. Zaslov v. May Dept. Stores
(Oct. 1, 1998), Cuyahoga app. No. 74030, unreported at 5, 1998 Ohio App. Lexis 4654. In this case, appellant had been cleaning this complex for approximately one year. She was aware that cleaning supplies were stored in that closet and, in fact, retrieved supplies from that room on several occasions. While she testified that she "didn't pay attention that there [was] a light there," she also testified that had she looked she would have seen the light switch. Indeed, she testified that the light switch was not concealed in any way. If she was unaware that the storage closet was equipped with a light switch, how would she know whether that same switch was concealed? Even so, had she looked for the light and turned it on, not only would she have been able to observe the contents of the box without moving it, but she would have seen the similarly unconcealed shelving unit stored against the wall.
Consequently, the only conclusion that a reasonable trier of fact could reach is that appellant herself was more than fifty percent negligent in causing her injuries and is therefore barred from recovery under comparative negligence principles. Therefore no genuine issue of material fact remains and summary judgment was appropriately granted to Heritage.
Appellants' single assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY; AND DIANE KARPINSKI,A.J., DISSENTS WITH DISSENTING OPINION (ATTACHED).
[1] Appellants originally filed suit on March 1, 1999 as case number 378511 but voluntarily dismissed that action on December 1, 1999. The case was refiled as case number 400663 on January 24, 2000. Several documents, however, have been filed in the refiled action under the original case number. This court, by journal entry dated April 5, 2001, ordered that the record from both cases become the record on appeal.
[2] Zaremba and Shawnee likewise moved for summary judgment, which appellant did not oppose. Nor does appellant appeal the decision granting summary judgment to these defendants and, as such, they are not parties to this appeal.
[3] As a result, Zaremba Management Company and Shawnee Office Associates are not parties to this appeal.